Filed 10/19/20  P. v. Garza CA5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>JUAN MANUEL GARZA,<br><br>    Defendant and Appellant. | F079253<br><br>(Super. Ct. No. F18902944)<br><br>**OPINION** |

-------

### THE COURT[*]

APPEAL from a judgment of the Superior Court of Fresno County.  Michael G. Idiart, Judge.

James E. Jones, under appointment by the Court of Appeal, for Defendant and Appellant.

Office of the State Attorney General, Sacramento, California, for Plaintiff and Respondent.

-ooOoo-

---

[*]    Before Levy, Acting P.J., Detjen, J. and Meehan, J.

Appointed counsel for defendant Juan Manuel Garza asked this court to review the record to determine whether there are any arguable issues on appeal. (*People v. Wende* (1979) 25 Cal.3d 436.) Defendant was advised of his right to file a supplemental brief within 30 days of the date of filing of the opening brief. More than 30 days elapsed and we received no communication from defendant. Finding no arguable error that would result in a disposition more favorable to defendant, we affirm.

## BACKGROUND[1]

On May 2, 2018, defendant walked out of the cafeteria of Fresno City College with a cup of coffee and two cinnamon rolls he had not paid for. Defendant was confronted by a cafeteria employee, and threatened to kill her if she called police.

On August 17, 2018, the Fresno County District Attorney filed an information charging defendant with dissuading a witness by force or threat (Pen. Code, § 136.1, subd. (c)(1);[2] count 1), criminal threats (§ 422; count 2), and petty theft (§ 484, subd. (a); count 3). It was also alleged defendant had suffered a prior serious felony conviction that also constituted a strike. (§§ 667, subd. (a)(1), 667, subds. (b)–(i) & 1170.12, subds. (a)–(d).) On August 30, 2018, defendant was arraigned on the information, entered not guilty pleas, and denied all allegations.

On February 13, 2019, defendant withdrew his not guilty pleas and entered a plea of no contest to count 2 pursuant to *People v. West* (1970) 3 Cal.3d 595. He additionally admitted the prior strike conviction. The remaining charges and enhancement were dismissed.

On April 22, 2019, defendant was sentenced to a stipulated prison term of two years eight months, comprised of the low term of 16 months on count 2, doubled due

---

[1]    The facts underlying the crimes are taken from the preliminary hearing transcript and the probation officer's report.

[2]    Subsequent statutory references are to the Penal Code, unless otherwise noted.

to the prior strike. The court determined defendant was entitled to 356 days of actual credit and 356 days of conduct credit, for total credits of 712 days. He was ordered to pay a conviction assessment fee of $30 (Gov. Code, § 70373), a court operations assessment of $40 (§ 1465.8), a restitution fine of $300 (§ 1202.4), and an additional $300 fine suspended pending successful completion of parole (§ 1202.45). The court struck a probation report fee and determined defendant did not have the ability to pay for counsel.

On May 8, 2019, defendant timely appealed and requested a certificate of probable cause. The request for a certificate of probable cause was granted.

Having undertaken an examination of the entire record, we find no evidence of ineffective assistance of counsel or any other arguable error that would result in a disposition more favorable to defendant. Defendant was properly advised before entering his no contest plea. The sentence was consistent with the plea agreement and it represents an appropriate exercise of the court's discretion in light of the nature of defendant's conduct and his criminal history. (*People v. Sandoval* (2007) 41 Cal.4th 825, 847 [reviewing for abuse of discretion sentencing decisions, which must be based on " 'individualized consideration of the offense, the offender, and the public interest' "].)

## DISPOSITION

The judgment is affirmed.